The document below is hereby signed.

Signed: October 14, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAYSON L. DANIELS, | ) | Case No. 10-00799 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE ATTORNEY'S
RESPONSE TO COURT'S ORDER TO DISGORGE FEES

On August 27, 2010, the court issued an order directing

Sheron Barton, the debtor's attorney, to file an amended

disclosure of compensation or show cause why her fees ought not

be disgorged (Dkt. No. 18).  Ms. Barton having failed to comply,

on September 14, 2010, the court issued an order directing Ms.

Barton to disgorge any and all fees paid to her by the debtor or

on the debtor's behalf within 14 days of the entry of the

disgorgement order (Dkt. No. 31).  On September 13, 2010, one day

earlier, the debtor filed a request to release his attorney based

upon Ms. Barton's alleged failure timely to file documents,

failure to communicate with the debtor, and failure to place the

debtor's correct name and address on the debtor's filings.[1]

Ms. Barton has filed a document styled as an answer to both the court's disgorgement order and to the debtor's motion to release attorney (Dkt. Nos. 32 & 33). To the extent the filing was intended to address the disgorgement order, the court will treat the filing as a motion to vacate, which the court will deny.[2]

In her response to the court's disgorgement order and the debtor's motion to release attorney, Ms. Barton contends: (a) that the debtor "engages in mistruths to get out of paying debt" and he is now trying to avoid paying his bill, which should have been paid up front; (b) that the debtor had "no reason to believe his case would not be completed" because he knows that Ms. Barton is able successfully to file and complete chapter 7 bankruptcy cases given that she filed and successfully completed the chapter 7 bankruptcy case of another debtor, with whom the debtor

---

[1]   The court will address by separate order the debtor's motion to release attorney.

[2]   In an apparent (and untimely) attempt to comply with the court's original show cause order, on September 20, 2010, Ms. Barton filed an amended disclosure of compensation (Dkt. No. 37). The document was not signed, however, and on September 27, 2010, the amended disclosure was stricken for lack of a signature (Dkt. No. 39).  Throughout this case, Ms. Barton has failed promptly to respond to court orders.  As concerns her Rule 2016(b) statement, Ms. Barton failed timely to respond to this court's deficiency notice and show cause order, and her failure to file a proper 2016(b) statement following the striking of her amended disclosure suggests that Ms. Barton does not take seriously her obligation to cure deficiencies and comply with court orders.

resides; (c) that the $1,500 fee charged by Ms. Barton is lower

than the fee charged by most local attorneys, and the debtor has

thus far paid only $750; and (d) Ms. Barton assured the debtor

that all corrections would be made before he received his

discharge.[3]  Ms. Barton's response also includes a request for an

order directing the debtor to pay the "remainder of his Chapter 7

debt" (presumably referring to the balance due on Ms. Barton's

fee), and Ms. Barton concludes her response by asking the court

"to not allow [the debtor] to use reasons that were promised to

be corrected as a way to not pay all of his legal bills which

were due in full before his meeting of creditors this week."  Ms.

Barton's response, however, does not address her failure to file

an amended Rule 2016(b) statement in compliance with this court's

show cause order.

The debtor's request to release his attorney is unrelated to

the court's disgorgement order, which was issued in response to

Ms. Barton's failure to file an amended 2016(b) statement, not in

response to the debtor's filing.  In short, although the debtor's

motion to release attorney raises concerns about the

reasonableness of any fee charged by Ms. Barton in connection

with this case, the court issued the disgorgement order due to

---

[3]  There is an illegible allegation included at the top of
the second page of Ms. Barton's response.  The text of the
allegation is obscured by a computer-generated stamp indicating
that the user's complimentary use period for a product by the
name of PDF Complete has expired.

Ms. Barton's failure to comply with a show cause order, not based

upon a determination of the reasonableness of her fees.[4]

Moreover, the court notes that Ms. Barton's assertion that the

---

[4]   Ms. Barton's response fails to state grounds for vacating
the disgorgement order at this time.  Even if the court were to
vacate the disgorgement order, however, given the debtor's motion
to release attorney, it would likely be necessary to hold a
hearing to address the reasonableness of Ms. Barton's fee.
     There have been numerous filing errors in this case that
have led to the issuance of deficiency notices and orders to show
cause, including: (1) an order to show cause for failure to
include a verification with the debtor's mailing matrix (Dkt. No.
6); (2) an electronic deficiency notice for failure to attach the
credit counseling certificate and for failure properly to upload
creditors in the creditor database; (3) an electronic deficiency
notice for failure properly to complete the 2016(b) disclosure of
attorney compensation; (4) an order striking the mailing matrix
and to show cause why the case ought not be dismissed (Dkt. No.
17); (5) an order directing the debtor's attorney to file an
amended disclosure of compensation or show cause why fees ought
not be disgorged (Dkt. No. 18); (6) an order to show cause why
case ought not be dismissed for failure to file the pre-petition
date credit counseling certificate (Dkt. No. 22); and (7) an
electronic deficiency notice advising the debtor that the credit
counseling certificate that was filed relates to a different
case.
     Notwithstanding the public record of filing deficiencies in
this case, Ms. Barton's response indicates that the debtor had no
reason to believe that his case would not be completed.  In
support of this assertion, Ms. Barton contends that the debtor
should have been reassured by Ms. Barton's successful completion
of the bankruptcy case of another debtor with whom the debtor has
lived.  The court, however, threatened to dismiss this case on
multiple occasions due to uncorrected filing deficiencies, and
the court can appreciate why this would cause the debtor concern
regardless of whether Ms. Barton has successfully represented
other debtors.  Moreover, the debtor's motion to release attorney
is not limited to dismissal-related concerns, and it includes
complaints of things such as the adverse financial impact of Ms.
Barton's failure timely to file the petition commencing the case.
In any event, because the court has already ordered the
disgorgement of Ms. Barton's fee, it is unnecessary to address
the reasonableness of that fee at this time.

debtor has paid only $750 of the $1,500 fee conflicts with the

original disclosure of compensation filed by Ms. Barton on August

13, 2010 (the disclosure that was found to be incomplete and

ultimately led to the disgorgement order), which represents that

Ms. Barton received the full $1,500 before the filing of the fee

disclosure.  Thus, it appears that Ms. Barton's original fee

disclosure was not only incomplete, it was inaccurate as well.[5]

Ms. Barton's response having failed to explain her failure

to file an amended Rule 2016(b) statement or to offer any reason

why this court's disgorgement order ought to be vacated, and Ms.

Barton having failed to cure the underlying deficiency that gave

rise to the orders to show cause and to disgorge, it is

ORDERED that to the extent Ms. Barton's Answer to Motion to

Release Attorney and Answer to Court's Request to Disgorge Fees

(Dkt. Nos. 32 & 33) was intended as a motion to vacate the

disgorgement order, that motion is DENIED.  It is further

ORDERED that within 7 days after entry of this order, Ms.

Barton shall comply with this court's disgorgement order (Dkt.

No. 31) by disgorging any and all fees paid to her by the debtor

or on the debtor's behalf in relation to this bankruptcy case,

---

[5]  On September 20, 2010, more than a month after she filed
her original disclosure of compensation, Ms. Barton filed an
unsigned 2016(b) statement that, contrary to the original
disclosure, reflects an outstanding balance of $750.  As noted
previously in this order, however, that amended disclosure of
compensation was stricken.

and by that same deadline, filing a statement with this court

demonstrating compliance with this order.

                                        [Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office
of United States Trustee.