The document below is hereby signed.

Signed: October 14, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAYSON L. DANIELS, | ) | Case No. 10-00799 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
<u>MOTION TO RELEASE ATTORNEY AND ATTORNEY'S RESPONSE</u>

The debtor has filed a motion to release his attorney, Sheron Barton (Dkt. No. 30), and Ms. Barton has filed a response (Dkt. Nos. 32 & 33) asking the court to order the debtor to pay the $750 balance due on Ms. Barton's fee.  As explained below, the court will not issue an order directing the debtor to pay the balance due on any fee owed to Ms. Barton, and will instead direct Ms. Barton to file a motion to withdraw as counsel.

I

The debtor has filed a motion to release his attorney, and as a preliminary matter, the court notes that the debtor does not need court permission to terminate the services of his attorney. Nevertheless, Ms. Barton is required to file either a notice or motion to withdraw in order to effectuate her termination as

counsel of record in this case.[1]  Based upon Ms. Barton's response to the debtor's motion, it appears that the relationship between the debtor and Ms. Barton is irreparably damaged, and the court will direct Ms. Barton promptly to seek withdrawal as the debtor's attorney in this case.

The debtor's motion also asks for a continuance of the § 341 meeting of creditors to allow the debtor additional time to find a new attorney.  Requests to continue the § 341 meeting should be directed in the first instance to the chapter 7 trustee, not the court, and in any event, the docket reflects that the meeting was held, rendering the debtor's request moot.

To the extent the debtor's motion raises questions about the reasonableness of any fee charged by Ms. Barton, as explained in a separate memorandum decision and order of this same date, because the court has ordered the disgorgement of Ms. Barton's fee based upon her failure to file an amended Rule 2016(b) statement,[2] it is unnecessary for the court to evaluate the reasonableness of Ms. Barton's fee at this time.

---

[1] If substitute counsel enters an appearance prior to Ms. Barton's withdrawal, Ms. Barton may withdraw by notice rather than by motion.  *See* LBR 2091-1(a).  Otherwise, a motion is required.  *See* LBR 2091-1(b).

[2] Although Ms. Barton filed an amended Rule 2016(b) statement on September 20, 2010, that filing was stricken on September 27, 2010, because it was not signed.  More than two weeks have passed without Ms. Barton filing a valid Rule 2016(b) statement.

II

Ms. Barton's response to the debtor's motion to release attorney requests a court order directing the debtor to pay the balance due on Ms. Barton's fee.  That request will be denied.

The automatic stay of 11 U.S.C. § 362(a) applies to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." *See* 11 U.S.C. § 362(a)(6).  That provision bars Ms. Barton's request to the extent that she seeks an order requiring payment from the debtor for past-due legal fees for services rendered prepetition.  *See Rittenhouse v. Eisen*, 404 F.3d 395 (6th Cir. 2005); *Bethea v. Robert J. Adams & Assocs.*, 352 F.3d 1125 (7th Cir. 2003); *In re Biggar*, 110 F.3d 685 (9th Cir. 1997).

Although fees for services provided by Ms. Barton post-petition remain collectable (if the fee arrangement has been disclosed), the record suggests that most if not all of the services provided by Ms. Barton to the debtor were provided

3

prepetition.[3]  In any event, the Bankruptcy Code does not contemplate that bankruptcy courts will enter judgments for a chapter 7 debtor's attorney's unpaid fees, even for post-petition services, as such fees are not an administrative claim against the estate, and, accordingly, an award of such fees would not affect the administration of the estate.  Moreover, collection of such fees ought not be pursued when, as here, the debtor's attorney has failed to file the appropriate disclosure of such fees as required by 11 U.S.C. § 329(a), and has not sought leave to permit any belated Rule 2016(b) statement to be filed out of time such as to serve as a predicate for collection of post-petition fees.  Even if the fee arrangement had been disclosed, the court has authority to review the reasonableness of any compensation agreed to be paid by a debtor to her attorney and to cancel the agreement to the extent that the compensation is unreasonable.  11 U.S.C. § 329(b).

---

[3]  In her response, Ms. Barton seeks an order requiring the debtor to pay the $750 unpaid balance of Ms. Barton's $1,500 fee in this case.  Although the court makes no finding in this regard, it is doubtful that Ms. Barton has performed $750 of compensable post-petition legal services on behalf of the debtor.  The docket reflects that after the August 13, 2010 petition date, Ms. Barton filed very few documents on the debtor's behalf, and most if not all of those documents were filed to correct prior deficiencies.  The § 341 meeting took place on September 16, 2010, after Ms. Barton filed her response seeking an order directing payment.  It is unclear whether Ms. Barton appeared and represented the debtor at that meeting.

4

                                    III

    Accordingly, it is

    ORDERED that, unless the debtor files a praecipe expressly consenting to Ms. Barton's continued representation, within 7 days after entry of this order, Ms. Barton shall file a motion to withdraw as debtor's counsel in accordance with LBR 2091-1(b), unless substitute counsel makes an appearance before such date, in which case Ms. Barton may file a notice of withdrawal in accordance with LBR 2091-1(a).  It is further

    ORDERED that the debtor's motion to release attorney (Dkt. No. 30) is otherwise DENIED.  It is further

    ORDERED that Sheron Barton's request for an order directing the debtor to pay the balance due on her fee (Dkt. Nos. 32 & 33) is DENIED.

                                          [Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.