The document below is hereby signed.

Signed: November 28, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
JAYSON L. DANIELS,             )    Case No. 10-00799
                               )    (Chapter 7)
        Debtor.                )    **Not for Publication in**
                               )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING MOTION
FOR RECONSIDERATION OF MEMORANDUM DECISION AND
<u>ORDER RE MOTION TO RELEASE ATTORNEY AND ATTORNEY'S RESPONSE</u>

The debtor's attorney, Sheron Barton, has filed an Emergency Objection to the Memorandum Decision and Order Re Motion to Release Attorney and Attorney's Response to Disgorgement of Fees (Dkt. No. 48). The court will treat the objection as a motion for reconsideration of the court's Memorandum Decision and Order Re Motion to Release Attorney and Attorney's Response (Dkt. No.

46, entered Oct. 14, 2010).[1]

In its memorandum decision and order, the court addressed the debtor's motion to release his attorney and the myriad of filing deficiencies that likely gave rise to the debtor's concern about the status of his case and the performance of his attorney. The decision and order also addressed Ms. Barton's related filing in which Ms. Barton sought a court order requiring the debtor to pay the balance due on her attorney's fee.  In its decision, the court noted that to the extent the fee sought relates to services rendered prepetition, Ms. Barton's request for an order requiring payment constitutes a violation of the automatic stay.  The court further noted that, even if the fees sought related to a properly disclosed fee for services rendered post-petition, the Bankruptcy Code does not contemplate that bankruptcy courts will enter judgments for a chapter 7 debtor's attorney's unpaid fees because such fees are not an administrative claim against the estate and

---

[1]  A separate yet related memorandum decision and order was entered contemporaneously with the court's Memorandum Decision and Order Re Motion to Release Attorney and Attorney's Response. The second decision and order, titled Memorandum Decision and Order Re Attorney's Response to Court's Order to Disgorge Fees (Dkt. No. 44), addressed Ms. Barton's response to the court's order requiring Ms. Barton to disgorge fees, and again directed Ms. Barton to disgorge any and all fees paid to her by the debtor or on the debtor's behalf in relation to this bankruptcy case. Ms. Barton has now filed an amended Rule 2016(b) statement, as required, and the court has vacated the disgorgement order accordingly.  Consequently, however, the court must now reach the question of whether the fee charged in this case was reasonable, and the court has scheduled a hearing for November 30, 2010, at 9:30 a.m., to address that issue.

an award of such fees would not affect the administration of the estate.

Ms. Barton's motion seeks reconsideration of the court's denial of her request for an order requiring payment, and argues that a recovery of the $750.00 balance owed "should not be conditioned on extra work done afterward [meaning, presumably, post-petition] because the case is not over and the total $1500 is a flat fee, due up front."  Ms. Barton further complains that in denying her request, and in distinguishing fees for pre- and post-petition services, the court is permitting the debtor "to have a Chapter 7 case done by an attorney for around $450, because that is all [that was] received minus the filing fee," and the "decision could result in hardship for other attorney's [sic] who really want to help clients."  Ms. Barton further contends that "the [payment of the] $750.00 balance owed should not be conditioned on extra work done afterward [meaning, presumably, post-petition] because the case is not over and the total $1500 is a flat fee, due up front . . . . [that] the debtor should have paid at the beginning of the case," and "[i]f the court continues to allow debtor's [sic] to not pay the balance of their legal fees, which were owed ahead of time, it will encourage debtor's [sic] to not pay their fees."

The court's memorandum decision and order was not intended fully to address whether a flat fee agreed to prepetition for

both prepetition and postpetition work remains collectable postpetition.  A fee for prepetition work is clearly a prepetition debt subject to the automatic stay and the debtor's discharge.  Some courts have held that postpetition collection of a flat fee, agreed to prepetition, for postpetition work is also barred by the automatic stay and the debtor's discharge.  *See*, *e.g.*, *In re Waldo*, 417 B.R. 854, 880 (Bankr. E.D. Tenn. 2009); *In re Mansfield*, 394 B.R. 783 (Bankr. E.D. Pa. 2008).  Barton's motion did not seek a determination of whether her fee remains collectable despite the automatic stay and the debtor's discharge, and thus the issue of whether this fee can be collected for postpetition services is not properly before me.

Barton's motion sought instead an order directing the debtor to pay Barton's fees.  Even if the court agreed with Ms. Barton that a balance remains due and collectable on her fee, the court would still decline to issue an order requiring payment.  As stated in the court's prior decision, such fees are not an administrative claim against the estate and an award of such fees would not affect the administration of the estate.  It is thus

ORDERED that Sheron Barton's motion for reconsideration (Dkt. No. 48) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.

4